IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR O. CERVANTES,<br><br>　　　　　　　　　　Petitioner,<br><br>　　　v.<br><br>KIM HOLLAND,<br><br>　　　　　　　　　　Respondent. | Case No. 1:15-cv-00623 AWI MJS (HC)<br><br>**FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS**<br><br>**[Doc. 11]** |

　　　Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Maria G. Chan, of the Office of the Attorney General for the State of California.

**I.　　BACKGROUND**

　　　On April 16, 2015, Petitioner filed the instant petition challenging a March 10, 2012 prison disciplinary proceeding finding Petitioner guilty of indecent exposure with masturbation triggering a loss of ninety days of good time credits. (See Mot. to Dismiss, Ex. 1, ECF No. 11-1, p. 12-15.) Petitioner challenges the disciplinary violation in the instant proceeding claiming that the investigatory officer did not perform his assigned duties and that there was insufficient evidence to support finding him guilty of the rule violation. (See Pet.)

1

Starting on March 18, 2013, Petitioner filed three collateral challenges with respect to the administrative decision in the state courts, all petitions for writ of habeas corpus, as follows:

1. <u>Kings County Superior Court</u>
   Filed: March 18, 2013[1];
   Denied: September 3, 2013;

2. <u>California Court of Appeal, Fifth Appellate District</u>
   Filed: October 20, 2013[2];
   Denied: January 9, 2014;

3. <u>California Supreme Court</u>
   Filed: January 19, 2014[3];
   Denied: April 23, 2014;

(Mot. to Dismiss, Exs. 1-9.)

On April 16, 2015[4], Petitioner filed the instant federal Petition for Writ of Habeas Corpus in this Court. On June 29, 2015, Respondent filed a Motion to Dismiss the petition for failure to exhaust state judicial remedies, procedural default, and for being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). (Mot. to Dismiss, ECF No. 11.) Over thirty days have passed and Petitioner has not filed an opposition to the motion to dismiss. Accordingly, the motion stands ready for adjudication.

**II.     DISCUSSION**

    **A.     Procedural Grounds for Motion to Dismiss**

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to

---

[1] Under the mailbox rule, the Court deems petitions filed on the date Petitioner handed a petition to prison authorities for mailing. <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988); <u>Campbell v. Henry</u>, 614 F.3d 1056 (9th Cir. 2010); <u>see also</u> Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on March 21, 2013, pursuant to the mailbox rule the Court considers the petition filed on March 18, 2013, the date Petitioner signed the petition.

[2] Although the petition was filed on November 8, 2013, pursuant to the mailbox rule the Court considers the petition filed on October 20, 2013, the date Petitioner signed the petition.

[3] Although the petition was filed on February 14, 2014, pursuant to the mailbox rule the Court considers the petition filed on January 19, 2014, the date Petitioner signed the petition.

[4] Although the petition was filed on April 22, 2015, pursuant to the mailbox rule the Court considers the petition filed on April 16, 2015, the date Petitioner signed the petition.

dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n. 12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

For the sake of judicial efficiency, the Court shall review Respondent's motion to dismiss based on a violation of the one-year limitations period under 28 U.SC. § 2244(d)(1). Because Respondent's claim is similar in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state procedural default and Respondent has not yet filed a formal answer, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

**B.      Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

In this case, the petition was filed on April 16, 2015, and is subject to the provisions of AEDPA. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As

amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The provisions of § 2244(d)(1)(D), rather than § 2244(d)(1)(A), apply to habeas corpus actions challenging decisions of administrative bodies. Shelby v. Bartlett, 391 F.3d 1061, 1066 (9th Cir. 2004); Redd v. McGrath, 343 F.3d 1077, 1084 (9th Cir. 2003). In such cases, the limitation period begins when the petitioner receives notice of denial of the final administrative appeal from the administrative decision at issue. Id.; see also, Mardesich v. Cate, 668 F.3d 1164, 1172 (9th Cir. 2012) (generally, state agency's denial of an administrative appeal constitutes the "factual predicate" for habeas claims challenging state administrative actions affecting "fact or duration of . . . confinement").

In this case, Petitioner's administrative appeal was denied at the third and final level on July 27, 2012. (See Mot. to Dismiss, Ex. 1, ECF No. 11-1, p. 27.) The limitations period began to run the following day, on July 28, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir.2001).

Petitioner would have one year from July 28, 2012, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the instant petition until April 16, 2015, well after the statute of limitations period expired. Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

### C.     Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

Here, the statute of limitations began to run on July 27, 2012, the date Petitioner's administrative appeal was denied. Petitioner filed state habeas petitions beginning on March 18, 2013, in the Kings County Superior Court. As of March 18, 2013, 233 days of the limitations period had elapsed. Respondent does not challenge Petitioner's right to tolling during the pendency of Petitioner's state petitions and the interval between the filing of the petitions. Accordingly, Petitioner is entitled to tolling from March 18, 2013, until the date the petition filed in the California Supreme Court was denied on April 23, 2014. As 233 days of the limitations period already elapsed, 132 days remained as of

March 18, 2013.

Accordingly, the statute of limitations expired 132 days later on July 28, 2014. Petitioner filed the present petition on April 16, 2015, over eight months after the expiration of the year statute of limitations period. The instant federal petition is untimely.

### D.      Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, 130 S. Ct. 2549, 2560-62 (2010); quoting Pace v. DiGuglielmo. Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993). Petitioner has not presented any evidence regarding equitable tolling. Accordingly, Petitioner is not entitled to the benefit of equitable tolling and his petition remains untimely.

### E.      Exhaustion and Procedural Default

Respondent, in her motion to dismiss, asserts alternative grounds for dismissal based on failure to exhaust state remedies and the procedural default rule. (See Mot. to Dismiss at 4-6.) As the petition is untimely and subject to dismissal, in an exercise of judicial efficiency, the Court will not address Respondent's claims regarding failure to exhaust and procedural default.

### III.     CONCLUSION

As explained above, Petitioner failed to file the instant petition for habeas corpus within the one year limitation period required by 28 U.S.C. § 2244(d). Furthermore, while Petitioner is entitled to the benefit of statutory tolling, the petition remains untimely. Moreover, Petitioner is not entitled to equitable tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be GRANTED.

### IV.     RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be

GRANTED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   August 5, 2015                    /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE